IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK DAVID McCARTY, #421073, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-CV-1713-M |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for a writ of habeas corpus filed by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently incarcerated at the Eastham Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Lovelady, Texas. Respondent is the Director of TDCJ-CID. The Court did not issue process in this case, pending preliminary screening.

Statement of the Case: Following his plea of not guilty, Petitioner was convicted by a jury of aggravated robbery with a deadly weapon and sentenced to thirty years imprisonment on April 8, 1986. (Petition ("Pet.") at 2). On July 14, 1989, Petitioner filed his first federal petition

in this court. *See McCarty v. Director*, No. 3:89cv1799. Thereafter, Petitioner was released on parole. His parole, however, was revoked in September or October 1999, and upon his return to TDCJ-CID, he was denied credit for all time spent on parole – i.e. street-time credit. (Pet. at 5, and Memorandum in Support at 1, attached to Pet.).

On February 24 and March 15, 2005, Petitioner filed two federal habeas corpus petitions in the U.S. District Court for the Eastern District of Texas, Lufkin Division, challenging two disciplinary cases from the Eastham Unit. *McCarty v. Director*, 9:05cv0045 and 9:05cv0067. The petitions were consolidated and will, hereafter, be referred to as his second federal habeas action. On September 8, 2005, the District Court in Lufkin adopted the report and recommendation of the magistrate judge and entered judgment dismissing the second federal petition with prejudice. *Id.* Petitioner appealed and the matter is presently pending before the Fifth Circuit Court of Appeals. *Id.*

Thereafter, Petitioner filed a state habeas corpus application, pursuant to art. 11.07 Texas Code of Criminal Procedure, in the convicting court. *See* No. W86-96924-H(E). On August 2, 2006, the application was received by the Texas Court of Criminal Appeals, which on August 9, 2006, dismissed it for "non-compliance," and instructed that the same be "return[ed] to sender." *Ex parte Mark David McCarty*, No. WR-18321-06, www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=245140.

Petitioner then filed the present action, his third federal habeas petition, on September 19, 2006, seeking street-time credit for the time he spent while on parole.[1]

---

   [1]   For purposes of this recommendation, the petition is deemed filed on September 15, 2006, the date Petitioner signed it and presumably placed it in the prison mail. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for

Findings and Conclusions:  The Antiterrorism and Effective Death Penalty Act (the "AEDPA") provides that "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A) (West 2006).

In *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000), the Court held that § 2244(b)(3)(A) constitutes a bar to a district court's jurisdiction to consider a successive habeas petition unless the Fifth Circuit has granted the petitioner permission to file such a petition. Therefore, as an initial inquiry the Court must determine if the present § 2254 petition constitutes a successive petition.

In general, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ."  *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003).  Section 2244(b)(2)(B)(i) and (ii) provide an exception when "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and" under the facts no reasonable fact finder could have found him guilty of the offense charged.

Petitioner's claim relates to the denial of street-time credit following the revocation of his parole in September or October1999.  His petition concedes that "[u]pon revocation [of his parole] and return[] to prison, [he] was credited only with the time spent in actual custody or incarceration," which did not include the "two years, four months, and approximately 16 days . . . spent out of actual custody on parole."  (Memorandum at 1, attached to Pet.).  Thus, it is clear

---

determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

3

that Petitioner knew of the denial of street-time credit no later than October 1999 when he returned to TDCJ-CID following his parole revocation.

In light of the above, there is no reason why Petitioner could not have raised the street-time-credit claim in his 2005 federal habeas petition (his second federal petition), which challenged his disciplinary proceedings. The fact that his street-time-credit claim was unexhausted when his second federal petition was filed does not excuse Petitioner's failure to raise it. As stated in *Crone*, 324 F.3d at 837, "[i]n accordance with out strong policy against piecemealing claims, we have long held that under an abuse of the writ standard, 'the sole fact that new claims were unexhausted when the earlier federal writ was prosecuted will not excuse their omission.'" (Citations omitted).

Thus, Petitioner was required to present all available claims, including his street-time-credit claim and disciplinary proceedings claim, in his 2005 consolidated federal petition. This makes the current petition successive within the meaning of 28 U.S.C. § 2244(b). *Cf. Orozco-Ramirez*, 211 F.3d at 869 (claim not successive where facts underlying claim did not occur until *after* ruling on first habeas petition); *In re Cain*, 137 F.3d at 236 (same).

In light of the successive nature of the present petition, this Court lacks jurisdiction to consider his time-credit claim unless the Fifth Circuit Court of Appeals first grants Petitioner leave to file the same. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Therefore, this petition should be dismissed for want of jurisdiction. Such a dismissal, however, is without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A). *See In re Epps*, 127 F.3d at 364 (setting out the

requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be DISMISSED for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

The Clerk will mail a copy of this recommendation to Petitioner.

Signed this 7th day of November, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.